UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Civil Action No. 4:04 CV 63 H2
In Admiralty

| | |
|---|---|
| In the Matter of the Complaint of ) | MEMORANDUM IN SUPPORT |
| SEA TOW SERVICES OF CARTERET ) | OF MOTION IN LIMINE TO |
| COUNTY, INC. d/b/a SEA TOW ) | EXCLUDE TESTIMONY OF |
| BEAUFORT as Owner of the ) | DONALD W. DAVIS |
| M/V GREEN HORNET for Exoneration ) | FILED BY SEA TOW SERVICES OF |
| from or Limitation of Liability ) | CARTERET COUNTY, INC. |
| ) | Local Rule 7.2 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Civil Action No. 4:05 CV 102 H2
In Admiralty

GEORGE LEWIS WALKER, and wife )
VERONICA SIA FACAS WALKER, )
　　　　　　　　　　　　　　　　　)
　　Walkers, )
　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　)
LUKE BRADSHAW MIDGETT, JR., )
　　　　　　　　　　　　　　　　　)
　　Defendant. )

Sea Tow Services of Carteret County, Inc. d/b/a Sea Tow Beaufort ("Sea Tow"), by counsel, moves *in limine* to exclude the testimony of Donald W. Davis ("Davis").

## PROCEDURAL BACKGROUND AND FACTS

Claimant George L. Walker was injured on August 24, 2002 when, during an attempt to salvage his beached 16' catamaran from Shackleford Banks, he sustained a propeller injury to his left leg. Walker had earlier that day capsized the catamaran in rough surf and gone with Capt. Luke Midgett of Sea Tow to locate the catamaran. After the catamaran was found laying on its

side on Shackleford Banks, Walker volunteered to swim a line to shore so that it could be towed off the beach. After jumping in the water with the towing line, Walker sustained a propeller injury to his left leg.

Walker identified Davis as an expert witness on the subject of liability and timely provided a written expert disclosure dated October 30, 2004. The expert disclosure opines that Capt. Midgett and Sea Tow were both negligent in the conduct of the salvage of the catamaran. A copy of the disclosure is attached hereto as Exhibit 1. In it, Davis offers five (5) opinions, the first three of which do not address fault. The last two opinions declare that Capt. Midgett (#4) and Sea Tow (#5) were negligent. Other than references to an interview of Walker by Davis, a written statement by Walker given to Davis and deposition testimony of two Sea Tow employees (Capt. Midgett and Capt. Sparks, the Sea Tow dispatcher), Davis offers no standards or authority which supports his opinions of negligence.

Davis was deposed on November 19, 2004. In his deposition, Davis testified that he was a marine surveyor and accident investigator. Davis Dep. p. 15, a copy of which is attached hereto as Exhibit 2. As a marine surveyor, his work primarily involves the evaluation of the condition of vessels. Davis Dep. p. 17. As an accident investigator, his work primarily involves analyzing collisions, allisions and other marine accidents to determine whether any of the Navigational Rules (e.g., "Rules of the Road," 33 U.S.C. §§ 2001 et seq.) had been violated. Davis Dep. p. 18. Davis does not have any certification as an accident investigator. Davis Dep. p. 20. He stated that he had not "investigated" the accident that is the subject of the present litigation. Davis Dep. p. 21.

With regard to his qualifications to testify as an expert witness on the subject of the salvage of the catamaran, Davis testified that there were "hundreds of vessels, recreational

2

vessels, that I have towed or salvaged." Davis Dep. p. 27-28. He then acknowledged that only 10-15% of this figure had involved actual salvage of a stranded vessel from the beach. Davis Dep. p. 31.

The vast majority of his recreational vessel salvage experience dates to the 1980's when he was in the Coast Guard reserve. Davis Dep. p. 12-13. Though he claims to have co-authored a manual for the U.S. Coast Guard sometime in 1980's on the subject of removing vessels from surf operations, he no longer has a copy of it. Davis Dep. p. 27-30. In response to a Freedom of Information Act request for the manual, the Coast Guard responded that it could not be found. The Coast Guard's response to the FOIA is attached hereto as Exhibit 3.

Davis testified that he had participated in a few salvages of recreational vessels while employed by Carteret Towing in the 1970's and Morehead City Towing in the early 1990's. Davis Dep. p. 4-5, 14. He also testified that he has occasionally participated in voluntary recreational vessel salvage. Davis Dep. p. 25. The last time he could recall being involved in the salvage of a stranded vessel that involved sending a swimmer with a line to the beach was 1994. Davis Dep. p. 32.

Finally, Davis admitted that, in forming his opinions, he rejected the deposition testimony of Capt. Midgett and instead chose to believe Walker regarding whether Walker was told to enter the water from the port or starboard side of the vessel. Davis Dep. p. 45.

## APPLICABLE LEGAL STANDARD

Federal Rule of Evidence 702, which governs the admissibility of expert testimony, requires that experts not only be qualified by reason of "knowledge, skill, experience, training, or education" but that their opinions meet a three-prong test: (1) the testimony be based upon

3

sufficient facts or data; (2) the testimony be the product of reliable principles and methods; and (3) the witness have applied the principles and methods reliably to the facts of the case.

As explained by the Rules Advisory Committee when the present rule was adopted in 2000:

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court's gatekeeping function requires more than simply "taking the expert's word for it."

F.R.E. 702, Advisory Committee Notes, 2000 (citations omitted).

## **ARGUMENT**

As can be seen from Davis' report, his opinions are based purely upon his own limited and quite dated salvage experiences. That experience has never involved work in the industry of commercial recreational vessel salvage. At best, his experience dates to nearly two decades ago. Though he claims to have written a Coast Guard manual on the subject some twenty years ago, neither he nor the Coast Guard can produce a copy of it. His report does not reference the violation of any applicable standard (such as the Rules of the Road) in support of his opinions of negligence. In short, there is nothing authoritative to which he has pointed in support of his purely subjective opinions. His subjective approach is readily seen in his decision to choose sides in evaluating the credibility of the witnesses to reach his opinions. Not only are his qualifications as an expert in the context of the liability issues presented in this case quite thin, he is unable to explain why his experience is a sufficient basis for the opinions. It is obvious that his experience cannot be "reliably applied to the facts" as required by Rule 702 and his testimony must be excluded.

## CONCLUSION

For these reasons, Sea Tow, by counsel, moves *in limine* to exclude any testimony of Donald W. Davis.

This 6th day of April, 2006.

> s/ James L. Chapman, IV
> James L. Chapman, IV, NCSB #25122
> CRENSAHW, WARE & MARTIN, P.L.C.
> 1200 Bank of America Center
> One Commercial Place
> Norfolk, VA 23510
> (757) 623-3000
> Fax: (757) 623-5735
> Email: jchapman@cwm-law.com
>
> Attorney for Sea Tow Services of Carteret
> County, Inc. d/b/b Sea Tow Beaufort

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Motion *in Limine* was served electronically this 6th day of April, 2006 upon:

> Stevenson L. Weeks, Esquire
> Attorney for Claimant
> Wheatley, Wheatley, Nobles & Weeks, P.A.
> 710 Cedar Street
> Post Office Box 28516
> Beaufort, NC 28516
> Email: slw@wwnwpa.com
>
> Andrew Hanley, Esquire
> Attorney for Luke Midgett
> Crossley, McIntosh, Prior & Collier
> 2451 South College Road
> Wilmington, NC 28412
> Email: AndrewH@cmpc-law.com

> /s/ James L. Chapman, IV

5

Case 4:04-cv-00063-V   Document 34   Filed 04/14/06   Page 5 of 5