UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Civil Action No. 4:04 CV 63 H2
In Admiralty

| | |
|---|---|
| In the Matter of the Complaint of ) | MEMORANDUM IN SUPPORT |
| SEA TOW SERVICES OF CARTERET ) | OF MOTION IN LIMINE TO |
| COUNTY, INC. d/b/a SEA TOW ) | EXCLUDE TESTIMONY OF |
| BEAUFORT as Owner of the ) | ECONOMIST GARY ALBRECHT |
| M/V GREEN HORNET for Exoneration ) | FILED BY SEA TOW SERVICES OF |
| from or Limitation of Liability ) | CARTERET COUNTY, INC. |
| ) | Local Rule 7.2 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Civil Action No. 4:05 CV 102 H2
In Admiralty

GEORGE LEWIS WALKER, and wife )
VERONICA SIA FACAS WALKER, )
)
    Walkers, )
)
v. )
)
LUKE BRADSHAW MIDGETT, JR., )
)
    Defendant. )

Sea Tow Services of Carteret County, Inc. d/b/a Sea Tow Beaufort ("Sea Tow"), by counsel, moves *in limine* to exclude the testimony of Gary R. Albrecht ("Albrecht").

## PROCEDURAL BACKGROUND AND FACTS

Claimant George Walker's Rule 26(a)(1) disclosures, served August 5, 2004, state special damages in the total amount of $90,777.34, comprised of $26,266.94 in medical expenses and $64,510.50 in lost income. A copy of the Disclosure is attached hereto as Exhibit 1. The lost income claim was based upon a June 2, 2003 report prepared by Walker's business accountant,

Robert M. Peddrick, a copy of which is attached hereto as Exhibit 2. The total special damages of $90,777.34 is in line with the Claim Walker filed against Sea Tow in this limitation action in the total amount of $1,000,000, a figure which has never been amended. *See* Docket Entry 8. Pursuant to the Discovery Plan, the deadline for amending the pleadings was November 1, 2004. Docket Entry 11.

The amended Scheduling Order of February 2, 2005 extended the due date for Walker's expert reports to April 13, 2005. Docket Entry 25. On October 24, 2005, over six (6) months after Walker's expert reports were due, Walker provided a report authored by Albrecht entitled "Diminished Earning Capacity of George L. Walker." Albrecht's report is dated August 26, 2005, a copy of which is attached hereto as Exhibit 3.

As discussed below, the report is presented in a wholly conclusory fashion, omitting the data and analysis required by F. R. Civ. P. 26(a)(2), and lacks any factual medical or vocational basis for its conclusions. Albrecht further fails to properly exclude income taxes, vastly overstates potential earning capacity, overestimates work life expectancy, fails to correctly discount to present value and fails to consider the effects of Walker's duty to mitigate damages by working part time of finding alternative employment. The effect of Albrecht's manipulations is to grossly inflate the value of Walker's alleged future loss of income.

As explained below, these departures from proper forensic accounting principles and reliance on unsupported assumptions make his opinion unreliable and subject to exclusion. Accordingly, Sea Tow respectfully moves *in limine* to exclude the testimony of Albrecht.

## APPLICABLE LEGAL STANDARD

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure states that expert reports "shall be made at the times and in the sequence directed by the court." The amended Scheduling Order

2
Case 4:04-cv-00063-V   Document 38   Filed 04/14/06   Page 2 of 8

extended until April 13, 2005 the time when Walker was required to provide his expert reports. Docket Entry 25. The failure to timely provide the required expert disclosure is addressed by F. R. Civ. P. 37(b)(2)(B), under which the court may enter an order "prohibiting [the] party from introducing designated matters into evidence."

Expert testimony is admissible if it will assist the fact finder in understanding the evidence. FRE 702. Such testimony, however, must meet three fundamental requirements:

(1) the testimony must be based upon sufficient facts or data;

(2) the testimony must be the product of reliable principles and methods; and

(3) the witness must apply the principles and methods reliably to the facts of the case.

*Id.*

It is error to admit expert testimony which lacks a factual basis. *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 142 (4th Cir. 1994), *cert. denied*, 513 U.S. 1080, 115 S.Ct. 729 (1995). Courts have consistently excluded the testimony of economists on the subject of loss of future income where the opinions are either unsupported by the facts, misapply controlling economic principles, or both. *Boucher v. U. S. Suzuki Motor Corp.*, 73 F.3d 18, 21-22 (2d Cir. 1996) (assumption that plaintiff would work 40 hours per week for 52 weeks per year represented a "complete break" with plaintiff's work history requiring exclusion of economist's testimony); *Shatkin v. McDonnell Douglas Corp.*, 565 F. Supp. 93, 94-96 (S.D.N.Y. 1983), *rev'd in part on other grounds*, 727 F.2d 202 (2d Cir. 1984)(expert economist excluded where he ignored state taxes, made unwarranted assumptions about federal taxes and applied unsupported discount rate); *Shu-Tao Lin v. McDonnell Douglas Corp.*, 574 F. Supp. 1407, 1410-1412 (S.D.N.Y. 1983), *rev'd in part*, 742 F.2d 45 (2d Cir. 1984)(awarding new trial because expert economist made unsupported assumptions about future salary increases and misapplied federal

3

tax rate); *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478-79 (5th Cir. 1984)(work life expectancy assumption that worker would have worked until age 65 was error; work life expectancy must be based on either valid labor statistics or personal characteristics of plaintiff).

## ARGUMENT

### 1. Walker's disclosure of Albrecht's expert report is untimely and must be excluded.

Walker was obligated to provide his expert witness reports by April 13, 2005. His disclosure of the report of Peddrick, calculating Walker's lost income in the amount of $64,510.50, was timely. Walker's untimely disclosure of the report of Albrecht, setting forth an opinion of economic loss that is 3,500% greater that that set forth in Walker's Rule 26(a)(1) disclosure, is highly prejudicial. Not only does the $2,248,470 loss of future income claim exceed the amount of Sea Tow's insurance coverage for the incident,[1] but coming as late as did in the proceedings, effectively precluded Sea Tow from conducting its own discovery of the issues raised and preparing its defense. Walker was fully examined upon deposition in November 2004 regarding the factual basis for his claimed loss of $65,510.50. Walker has never amended his Rule 26(a)(1) disclosures to state a greater economic loss than $90,777.34 nor has he ever sought to amend the Claim to assert a prayer for more than $1,000,000. The untimely disclosure of Albrecht's report nearly a year after Walker's deposition and just a few weeks before the close of discovery foreclosed the opportunity to conduct meaningful discovery of the issue. For these reasons, Walker should be prohibited from introducing Albrecht's testimony or any evidence on the issue of alleged loss of future income.

---

[1] The Claim filed by Walker seeks only $1,000,000, which is the limit of Sea Tow's liability insurance coverage and does not involve any reservation of rights due to a claim in excess of coverage, and has never been amended.

## 2. There is no basis in fact for Albrecht's assumption that Walker is unable to work.

There is no evidence that Walker is medically disqualified from working as a dentist or in any other occupation. While Walker claims that he is unable to work,[2] allegedly due to back pain, there is no medical doctor who has opined that Walker is unable to work. Nor is there any vocational expert who has offered such an opinion. Therefore, Albrecht should be prohibited from testifying to the amount of alleged lost future income when such amounts are based the false premise that Walker is completely disabled.

Albrecht's report states that the only medical information he reviewed was that of Dr. David Ruch. Exhibit 3, p. 1. However, Dr. Ruch has never opined that Walker is unable to work. In fact, Dr. Ruch, who performed surgery on Walker's leg approximately one month after the accident, reported on May 16, 2003 that Walker "now has excellent dorsiflexion of his foot and normal gait." A copy of Dr. Ruch's report of May 16, 2003 is attached hereto as Exhibit 6. Dr. Ruch ultimately opined that Walker sustained a 40% permanent impairment of his left leg, but never reported that the impairment in any way limited his ability to work. A copy of Dr. Ruch's October 22, 2003 report is attached hereto as Exhibit 7.

Walker's excellent recovery is entirely consistent with his return to work in late 2002. He then worked full time until about April of 2004 when his back started giving him problems. Exhibit 4, Walker Deposition, pp. 102-104, 115. Just as no medical expert has opined that Walker cannot work, there no vocational expert opinion proffered by Walker to suggest that there is some non-medical vocational reason that Walker is unable to work.

---

[2] Walker has every incentive not to work. Foremost, he is collecting tax-free occupational disability payments of $6,000 per month. Walker Deposition, p. 143, attached hereto as Exhibit 4. More importantly, Walker has aggressively sought to convince his own doctors, without success, that they should opine that he is occupationally disabled. See Letter of George Walker to Dr. Henry Elsner dated September 10, 2004, a copy of which is attached hereto as Exhibit 5.

As explained in the report of Dr. Edward Cross, a forensic economist retained by Sea Tow, it is a complete departure from controlling principles to provide an estimate of future income loss that lacks any factual medical or vocational basis. The report of Dr. Cross is attached hereto as Exhibit 8. Because there is no medical or vocational expert opinion that Walker is unable to work as a result of the accident, Albrecht's testimony regarding Walker's future loss of income must be excluded.

3. **Albrecht has failed to follow proper forensic accounting principles in reaching his opinions and his estimates are nothing more than unsupported speculation.**

In addition to having no factual medical or vocational basis for his opinions, Albrecht has also failed to follow proper forensic accounting principles in his calculation of Walker's alleged loss of future income. These include:

(a) Failing to properly exclude income taxes by applying an unsupported estimate of Federal taxes that is substantially less than the actual Federal taxes paid by Walker and ignoring North Carolina state taxes in their entirety; *see* Cross report, pp. 1, 8-9; *Shatkin, supra.*

(b) Over-estimating Walker's earning capacity by applying an unsupported hourly rate and multiplying by 40 hours per week for 52 weeks per year when Walker testified that he only worked 34 hours per week and American Dental Association statistical survey data documents that dentists only work an average of 47.7 weeks per year; *see* Walker Deposition p. 18; Cross report, pp. 2, 7; *Boucher, supra.*

(c) Over-estimating Walker's work life expectancy by arbitrarily assuming that Walker would have worked until age 66.67, his Social Security full retirement age, when the available statistical data shows that fewer than 10% of dentists work past age 64; *see* Cross report pp. 2, 9; *Madore, supra.*

(d) Failing to properly discount to net present value by applying a rate that is fully 60% less than the prevailing rate as indicated in widely available commercial publications; *see* Cross report, pp. 2, 10-11; *Shatkin; supra.*

(e) Failing to consider Walker's duty to mitigate damages by accounting for Walker's potential to earn income from part-time work or an alternative occupation; *see* Cross report, pp. 2, 11.

## CONCLUSION

The anticipated testimony of Mr. Albrecht regarding Walker's alleged loss of income must be excluded as there is no factual basis to support his opinions. Albrecht makes several assumptions which have an insufficient factual foundation, engages in outright speculation, and uses a methodology of calculating Walker's alleged economic loss which is a departure from economic principles and controlling law. The effect of Albrecht's manipulations is to grossly inflate the value of Walker's alleged loss of future income. For these reasons, Sea Tow, by counsel, moves *in limine* to exclude the testimony of Gary R. Albrecht.

This 14th day of April, 2006.

s/ James L. Chapman, IV
James L. Chapman, IV, NCSB #25122
CRENSHAW, WARE & MARTIN, P.L.C
1200 Bank of America Center
One Commercial Place
Norfolk, VA 23510
(757) 623-3000
Fax: (757) 623-5735
Email: jchapman@cwm-law.com

Attorney for Sea Tow Services of Carteret
County, Inc. d/b/b Sea Tow Beaufort

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Motion in Limine was served electronically this 14th day of April, 2006 upon:

>Stevenson L. Weeks, Esquire
>Attorney for Claimant
>Wheatley, Wheatley, Nobles & Weeks, P.A.
>710 Cedar Street
>Post Office Box 28516
>Beaufort, NC 28516
>Email: slw@wwnwpa.com
>
>Andrew Hanley, Esquire
>Attorney for Luke Midgett
>Crossley, McIntosh, Prior & Collier
>2451 South College Road
>Wilmington, NC 28412
>Email: AndrewH@cmpc-law.com

/s/ James L. Chapman, IV